DeadericK, Ob. J.,
delivered tbe opinion of tbe court:
*634 Plaintiff sued defendant in the circuit court of Iiaywooa county, upon an account against his intestate. Verdict and judgment were rendered in favor of defendant, and plaintiff appealed. Plaintiff was examined as a witness on his own behalf, and stated that he examined his books after intestate’s death, and found on one page of his ledger, his account balanced, or nearly so, but afterwards he found, on a different page, the account against Easly open, unsettled and unbalanced. This testimony was objected to and excluded by the court. We think it was properly excluded. But the ground of exception by plaintiff is taken here, not so much to the exclusion of the testimony, as to the language used by the court in his ruling upon the exception. The bill of exceptions shows that the court excluded the evidence, saying "that he would not allow plaintiff to whip the devil around the stump, and make defendant liable indirectly, when he could not do so directly.”
This language, it is said, tended to produce prejudice in the minds of the jury, as it implied a charge of endeavoring to obtain an improper advantage. While we think the court might have used more fitting language to express his meaning, we cannot see that it was calculated to mislead the jury, or that it was likely to have that effect.
The charge is unexcepted to, the verdict is sustained by the evidence, and the judgment will be affirmed.